IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE PIERCE COUNTY

| | |
|---|---|
| **HANNAH NEAR**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION, d.b.a. AMTRAK; and DOES ONE THROUGH FIFTY.**<br><br>Defendants. | NO.<br><br>**COMPLAINT** |

COMES NOW Plaintiff HANNAH NEAR and alleges as follows:

**1. PARTIES**

1.1 At the time of the tortuousN acts and omissions alleged herein, and at all times relevant hereto, Plaintiff HANNAH NEAR resided in the State of Alaska.

1.2 Defendant NATIONAL RAILROAD PASSENGER CORPORATION, d.b.a. AMTRAK (hereinafter "AMTRAK") conducts business throughout the United States, including Pierce County, Washington. AMTRAK is a common carrier by railroad. AMTRAK owns and operates AMTRAK Cascades train 501 between Seattle, Washington and Portland, Oregon.

**Paul S. Bovarnick, Of Counsel**
**ROSE, SENDERS AND BOVARNICK**
*Attorneys at Law*
1205 NW 25th Avenue
Portland, OR 97204
(503) 227-2486 / (503) 226-3131 fax

1.3 The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein designated as DOES ONE through FIFTY are unknown to Plaintiff at this time. AMTRAK and DOES ONE through FIFTY owned, planned, designed, built, financed, approved, inspected, maintained, repaired the train tracks at the Point Defiance bypass, Lakewood Subdivision in DuPont, Pierce County, Washington State where AMTRAK Cascades train 501 derailed on December 18, 2017; designed, manufactured, supplied, purchased, inspected, maintained, repaired and operated the locomotives and cars on AMTRAK Cascades train 501 and all components and parts thereto; and provided training related to the train and the track at issue.

1.4 Plaintiff is informed and believes and therefore alleges that each of said Defendants are responsible in some manner for the events and happenings and legally caused injuries and damages alleged herein. Plaintiff will seek leave to amend this complaint to allege their true names as they are discovered.

1.5 That at all times herein mentioned, each Defendant was the agent, partner, servant, employer, independent contractor and/or joint venturer of each other Defendant and, at all times herein mentioned, was acting within the course and scope of said agency, partnership, employment, contract or joint venture.

## 2. JURISDICTION AND VENUE

2.1 The court has federal question jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, because, on information and belief, AMTRAK is a congressionally incorporated corporation, over half of whose capital stock is owned by the federal government. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and AMTRAK is subject to the court's personal jurisdiction with respect to this claim.

**Paul S. Bovarnick, Of Counsel**
**ROSE, SENDERS AND BOVARNICK**
*Attorneys at Law*
1205 NW 25th Avenue
Portland, OR 97204
(503) 227-2486 / (503) 226-3131 fax

## 3. ALLEGATIONS

3.1 On December 18, 2017, Plaintiff Hannah Near was a ticketed passenger sitting in a passenger coach on Amtrak Train No. 501 when it derailed as it approached a railroad bridge across Interstate 5 near Mounts Road in DuPont, Pierce County during its inaugural run on the Point Defiance Bypass, Lakewood Subdivision track.

3.3 The derailment occurred on track that was operated, managed, maintained, supervised, owned, designed, constructed and/or controlled, or contracted to operate, manage, maintain, supervise, own and/or control by Defendant AMTRAK. AMTRAK Train No. 501 was operated by employees and/or agents of Defendant AMTRAK.

3.3 The derailment occurred as a result of one or more of the following acts or omissions by AMTRAK and its employees

a) AMTRAK and its employees failed to operate Train No. 501 at a safe speed;

b) AMTRAK failed to train its employees to safely operate Train No. 501 at the location where the derailment occurred;

c) AMTRAK failed to install Positive Train Control for use by AMTRAK Traqin No. 501;

d) AMTRAK failed to design the track at or near the location where the derailment occurred so that Train No. 501 could safely operate on that track.

3.4 As a result of the accident, Plaintiff HANNA NEAR suffered permanent, and disabling injuries including injuries to her head, torso, left shoulder, left arm, left hip, left leg and back and ribs, severe pain and suffering, and emotional shock giving rise to damages herein set forth.

3.5 Plaintiff HANNAH NEAR has lost and will lose in the future wages and has and will incur medical expenses and has lost earning capacity in a sum as yet unascertainable, in an amount to be proven at trial.

3.6 Plaintiff HANNAH NEAR has suffered, and will continue to suffer, physical pain

**Paul S. Bovarnick, Of Counsel**
**ROSE, SENDERS AND BOVARNICK**
*Attorneys at Law*
1205 NW 25th Avenue
Portland, OR 97204
(503) 227-2486 / (503) 226-3131 fax

and suffering, and other general damages, which shall be shown according to proof at the time of trial.

DATED this 25th day of September 2018.

PAUL S. BOVARNICK, Of Counsel
ROSE, SENDERS AND BOVARNICK

By: *s/ Paul Bovarnick*
Paul S. Bovarnick, OSB No. 791654
*pbovarnick@rsblaw.net*
1205 NW 25th Avenue
Portland, OR 97210
t: 503.227.2486
f: 503.226.3131
Attorneys for Plaintiff

Trial Attorney: Paul S. Bovarnick

Kevin C. Brague, OSB No. 050428
*kevin@braguelawfirm.com*
1205 NW 25th Avenue
Portland, OR 97210
503.922.2243
f: 844.714.6450
Attorneys for Plaintiff

Page 4 – COMPLAINT

**Paul S. Bovarnick, Of Counsel**
**ROSE, SENDERS AND BOVARNICK**
*Attorneys at Law*
1205 NW 25th Avenue
Portland, OR 97204
(503) 227-2486 / (503) 226-3131 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26